IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **12-cv-2603-JLK**

**JENNIFER DAMITIO**, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

**SUSHI ZANMAI INCORPORATED, a Colorado corporation, NAOTA KANDA and MASAO MAKI,**

    Defendants.

ORDER DENYING PARTIAL MOTION TO DISMISS

Kane, J.

Defendants Sushi Zanmi, Inc., Naota Kanda, and Masao Maki move to dismiss Plaintiff Jennifer Damitio's Colorado Wage Claim Act ("CWCA") Claims per F.R.C.P.12(b)(6)(Doc. 17). Because the CWCA does not specify the type of "written demand" required, I find Plaintiff's Complaint (Doc. 1) serves as a sufficient "written demand" under the statute and DENY Defendants' Motion.

Under the CWCA, if an employer refuses to pay wages or compensation that an employee alleges are due, "the employee or his designated agent shall make a written demand for the payment within sixty days after the separation and shall state in the demand where such payment can be received." C.R.S. §8-4-109(3)(a). The CWCA allows a claim for wages, compensation, and statutory penalties, "if an employee's earned, vested, and determinable wages or compensation are not mailed to the place of receipt specified in a demand for payment and postmarked within fourteen days after the receipt of such demand." C.R.S. §8-4-109(3)(b). An employee who has not made a written demand for the payment within sixty days after the date of

separation "shall not be entitled to any such penalty under this subsection (3)." C.R.S. §8-4-109(3)(d).

On October 4, 2012, within sixty days of her separation, Plaintiff served Defendants, by way of her Complaint, the following written demand: "Plaintiff hereby demands payment as contemplated by the [CWCA] in an amount sufficient to reimburse Plaintiff for all tip credits taken against her hourly wages. Such payment can be made care of undersigned counsel." *Pl.'s Compl.* at ¶26. Despite Plaintiff requesting a specific amount (all tip credits taken against her wages) and specifying where Defendants may tender payment (care of undersigned counsel), Defendants argue her Complaint does not constitute a "written demand" as contemplated by the CWCA. Defendants' argument is bereft of authority and against the interest of justice.

Because "written demand" is undefined by the CWCA, nothing precludes a complaint from functioning as the "written demand" mandated by the statute, and I refuse to create judicially a procedural obstacle not contained in the statute's plain language. The only requirements set forth in the CWCA concerning the written demand are that it be within 60 days of separation and that it state where payment can be received. When faced with the same question presented here, *i.e.* whether a complaint may operate as a written demand for purposes of the CWCA, the court in *Summers v. Texas de Brazil (Denver) Corp.*, 2011 WL 1832334, *1 (D.Colo. 2011) accepted that a complaint may function as a written demand, ruling against its plaintiff only because the applicable complaint did not allege an amount due or specify where such a payment may be sent. Here, Plaintiff's Complaint, asking for her tip credits and asking that they be sent care of her counsel, includes the necessary information.

Defendants Motion, Doc. 17, is DENIED.

DATED:	January 10, 2013	BY THE COURT:
	/s/John L. Kane

United States District Court Judge