IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **12-cv-2603-JLK**

**JENNIFER DAMITIO**, on behalf of herself and all similarly situated persons,

Plaintiff,

v.

**SUSHI ZANMAI INCORPORATED, a Colorado corporation, NAOTA KANDA and MASAO MAKI,**

Defendants.

ORDER GRANTING MOTION FOR *HOFFMAN-LA ROCHE NOTICE*

Kane, J.

This Fair Labor Standards Act ("FLSA") action is before me on Plaintiff's Motion

for Approval of *Hoffman-La Roche* Notice, Doc. 27.  A *Hoffman-La Roche* notice allows

a named FLSA plaintiff to discover the identity of all "similarly situated" individuals

with potential claims and informs such individuals of the lawsuit and their right to opt-in.

*Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  The standard for a

*Hoffman-La Roche* notice is lenient; provided a plaintiff submits "substantial allegations

that the putative class members were together the victims of a single decision, policy, or

plan," a motion for *Hoffman-La Roche* notice is typically granted.  *Thiessen v. Gen. Elec.*

*Capital Corp*., 267 F.3d 1095, 1102 (10th Cir. 2001).  *See also Brown v. Money Tree*

*Mortgage, Inc*., 222 F.R.D. 676, 679 (D. Kan. 2004) ("The standard for certification at

this notice stage, then, is a lenient one that typically results in class certification.")

Plaintiff, who complains her tips as a restaurant server were diverted in violation of the FLSA, argues that this case is an "ideal FLSA collective action" because she is similarly situated to dozens of other individuals subjected to Sushi Zanmai's tip policy. She contends Sushi Zanmai's discovery responses make clear that it maintains a standard tip policy. Accordingly, each of Sushi Zanmai's servers is "similarly situated" for purposes of FLSA "notice stage" certification.

Defendants do not dispute the substantive merits of Plaintiff's motion, but rather argue that it is time-barred because the Scheduling Order's deadline for joinder of parties had passed before Plaintiff filed the instant motion.[1] Because the Scheduling Order also expressly states that Plaintiff anticipates filing a *Hoffman-La Roche* motion within a certain amount of time, however, Plaintiff argues the parties did not intend the joinder deadline to apply to the joinder of opt-in plaintiffs who might be recipients of a *Hoffman-La Roche* notice. Instead, Plaintiff argues that the specified time period listed within the provision concerning anticipated motions controls with respect to the "deadline" for a *Hoffman-La Roche* motion and the attendant joinder such a notice could engender. Specifically, the Scheduling Order states that "Plaintiff anticipates filing a Motion for Hoffman-LaRoche Notice under the FLSA within thirty days after receiving [Sushi Zanmai's] written discovery responses." *Stipulated Scheduling and Discovery Order* at ¶8(b), Doc. 25 (attached). As Defendants responded to discovery on April 15, 2013 and Plaintiff filed the instant motion on June 9, 2013, Plaintiff's conduct is consistent with

---

[1] The Scheduling Order lists May 13, 2013 as the joinder deadline. The instant motion was filed on June 9, 2013. Defendants responded to discovery on April 15, 2013.

that set forth as anticipated in the Scheduling Order.  Moreover, Plaintiff argues it would

have been impractical approaching impossible for her to have joined opt-in parties before

the joinder deadline, because Sushi Zanmai did not respond to discovery until April 15,

2013, giving the parties shy of one month to brief a *Hoffman-La Roche* motion, receive a

ruling, and conduct the notice process, should you apply the joinder deadline.

Under *Hoffman–La Roche*, I have "a managerial responsibility to oversee the

joinder of additional parties" to assure that a FLSA collective action is run "in an

efficient and proper way." *Hoffman–La Roche, Inc.*, 493 U.S. at 171.  I agree with

Plaintiff that it would be most inefficient to disallow notice and thereby invite future

FLSA claims against Sushi Zanmai by others similarly situated who were unaware of the

instant lawsuit.  "Court authorization of notice serves the legitimate goal of avoiding a

multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the

action." *Hoffman–La Roche, Inc.*, 493 U.S. at 169-72, 173.  To avoid duplicative

lawsuits against Sushi Zanmai, I GRANT Plaintiff's motion.


DATED:      July 17, 2013                          BY THE COURT:

                                                   *s/John L. Kane*
                                                   John L. Kane, U.S. Senior District Judge